### Thomas H. Snow *v.* The State.

1. Indictment. — The indictment in this case, charging a single defendant with the theft of a certain mare and colt, concludes, "and to appropriate the same to *their* own use and benefit." *Held*, that the indictment is good, and that the use of the word *their*, in the place of the word *his*, does not vitiate it.

2. Evidence. — It being proposed to prove by a witness that a third party stated to witness that he had traded the animal to defendant, the proffered evidence was properly excluded as hearsay.

Appeal from the District Court of Lampasas. Tried below before the Hon. W. A. Blackburn.

The opinion states the case.

*Joe H. Stewart*, for the appellant. It must appear from the indictment that an offence was committed. The indictment does not allege that appellant took the property with the intent to appropriate the same to his own use, etc., but charges "an intent to deprive the said owner," etc., and "to appropriate the same to *their* own use," etc. *Who is their?* Assuredly not appellant. The words "then and there" should have been interpolated between the word "intent" and the words "to deprive," etc.; for any *previous* or *subsequent* intent, without such intent at the time of the alleged taking, would have changed the character of the proof, and of the offence itself. Pasc. Dig., art. 2381; 30 Texas, 360; 30 Texas, 368–374; 17 Texas, 527.

A defendant cannot be tried for two separate and distinct offences at the same time. The theft of a "certain mare

and a certain colt," charges two separate offences; for the theft of each animal is a separate offence. *Brown* v. *The State*, 32 Texas, 125.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.    The charge in the indictment is, "that Thomas H. Snow, with force and arms, in the county of Lampasas, and State of Texas, did, heretofore, to wit, on the 15th day of July, A. D. 1876, unlawfully and fraudulently "steal, take, and carry away, from and out of the possession of John Casbeer, of the property of said Casbeer, without his consent, a certain mare and a certain colt, with the intent to deprive the said owner of the value of the said mare and the said colt, and to appropriate the same to *their* own use and benefit."

In the motion to quash, it was objected that the indictment was defective because it failed to allege that the defendant took the property with intent to appropriate it to *his* own use and benefit.    It is contended that the use of the pronoun "*their*," instead of the personal pronoun "*his*," in connection with the averment of appropriation and use, makes the indictment invalid as to defendant, who is alone charged with the offence; and that there is nowhere in the indictment an allegation that he, defendant, took the property with intent to appropriate it to *his* use, which is an essential averment in indictments for theft.

This question, we think, can be easily settled by the application of a special rule with regard to grammar and the definitions of words, in our penal Code, which reads as follows: "The use of the singular number includes the plural, and the plural the singular; and words used in the masculine gender include the feminine also, unless, by reasonable construction, it appears that such was not the intention of the language."    Pasc. Dig., art. 1624.    There is no reason why this rule should not apply as well to the

phraseology of indictments as to the construction of words in which the law defining the offence is couched, since it is ordinarily sufficient if the indictment follows the language of the statute. It is, moreover, evident that the use of the plural, "*their*," for the singular, "*his*," in this instance, was simply a clerical mistake, or inadvertence on the part of the pleader, and is such an error as could not mislead any one as to what really was intended. *Williams* v. *The State*, 1 Texas Ct. App. 90.

A bill of exceptions was saved to the refusal of the court to permit the witness Day to testify that one William Bowen had told the witness that he (Bowen) had traded the stolen animal to defendant. If the evidence was permissible at all, Bowen, and not Day, was the proper party to testify to the fact; it was hearsay so far as Day was concerned. *Townsend* v. *The State*, 5 Texas Ct. App. 574.

No statement of the facts has been made out and sent up with the record in this case; and, having noticed the only supposed errors which have been brought properly to our attention, it only remains for us to say that, the indictment being a good one, and the charge of the court a proper presentation of the law of the case, and, so far as appears, the trial in every way a fair one, the judgment rendered in the lower court is affirmed.

*Affirmed.*